UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 12-71206 MAG |
| Plaintiff, | ) | DETENTION ORDER |
| v. | ) | |
| BRANDON ELLEDGE | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

A grand jury in the Middle District of Tennessee charged defendant Brandon Elledge with one count of conspiracy with intent to distribute 100 kilograms or more of marijuana, a drug offense carrying a maximum sentence of at least ten years under the Controlled Substances Act. The court held a hearing on November 9, 2012, and for the reasons set forth below, detained Mr. Elledge as a danger to the community.

## II. RELEVANT LEGAL STANDARD

Under the bail statute, 18 U.S.C. § 3142, a court must order the release of a defendant on a personal recognizance or unsecured bond unless release on a bond alone will not reasonably assure the defendant's appearance or the safety of the community or another person. *See* 18 U.S.C. § 3142(b). If a court determines that release on a bond alone presents a risk of nonappearance or a danger to any person or the community, then the court must chose the least

DETENTION ORDER
CR 12-71206 MAG

restrictive conditions that will assure the defendant's appearance and the safety of the community or another person. *See id.* § 3142(c) (listing thirteen possible conditions of release and empowering the court to impose "any other condition that is reasonably necessary" to assure the defendant's appearance and the community's safety). The court must order a defendant detained if – "after a hearing pursuant to the provisions of subsection [3142](f)" — the court finds that conditions cannot be fashioned to assure the defendant's appearance in court or the safety of the community or another person. *See id.* § 3142(e)(1). For a drug offense with a maximum prison term of at least ten years,

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person . . . . and the safety of the community.

*Id.* § 3142(e)(3). The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Under section 3142(f), the court "shall hold" a hearing only in certain cases, including on the government's motion in drug cases involving a maximum sentence of at least ten years. At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *See id.* § 3142(f). A court must have clear and convincing evidence to support a finding that conditions of release will not reasonably assure the safety of the community or another person. *See id.*

In evaluating whether conditions can be fashioned to assure the defendant's appearance and the safety of the community or another person, a court "shall consider" the factors in section 3142(g), including (1) the nature and circumstances of the offense, including whether the offense is one of certain enumerated crimes (including a controlled substance offense), (2) the weight of the evidence, (3) the history and characteristics of the person (including his job, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, track record in appearing court, and whether at the time of arrest the person was on supervision for parole, probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger to any person or the community

posed by the person's release.

## III.  DETENTION ORDER

Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in section 3142(g), the court finds by clear and convincing evidence that no condition or combination of conditions in section 3142(c) will reasonably assure the safety of any other person or the community.  The court gave the basis for its findings on the record and gives some of them here.

This case involves a combination of a large quantity of marijuana and guns.  Mr. Elledge possessed twelve guns at his residence where approximately 80 pounds of marijuana were located upon search.  Some of the guns were lawfully possessed and were semiautomatic weapons capable of firing rounds rapidly, including two AR-15 assault rifles (one, according to the government, with an illegal foregrip).  Some of the weapons were located in a locked safe, and others were loaded, without safeties or locks, in various reachable areas of the residence. One was a loaded unlocked .45 caliber handgun equipped with laser sights found on the defendant's night stand.  Additionally, approximately 5,000 rounds of ammunition were found at the defendant's residence.

The problem is that the loaded guns, the easy access to them, and the ease of firing them lead to the conclusion that they were there to protect the marijuana.  It is the combination of the guns and drugs that give the court pause.  Guns and the sale of narcotics do not mix.

Without this potentially dangerous combination, Mr. Elledge otherwise would be a candidate for release.  He does not have a significant criminal record and enjoys substantial support in the Bay Area from friends and family.  In particular, the court notes the proffer made by defense counsel that Mr. Elledge's family and friends describe him as a peaceable person with no tendency towards violence.  Nothing in the record – other than the combination of loaded weapons near narcotics – suggest that Mr. Elledge is a violent person or has a history of violence.

The court appreciates the defense's argument that Mr. Elledge is a gun enthusiast and that law enforcement seized all the guns (and thus addressed the concern about danger).  But on this

record, the volume and proximity of the weapons to the narcotics are such that the court cannot conclude that the presumption is rebutted or that the court could fashion any condition or combination of conditions that will adequately address its concerns.  That being said, this bail decision is without prejudice to the defendant's being able to raise additional information at a future hearing (either here or in the Middle District of Tennessee) to address the court's concerns.

## IV.  CONCLUSION

The court detains Mr. Elledge as a danger to the community.  The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  *See* 18 U.S.C. § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with counsel.  *See id.* § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to rthe United States Marshal for a court appearance.  *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: November 20, 2012

LAUREL BEELER
United States Magistrate Judge